***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner with some modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. Atlantic Seaboard Corporation is the Statutory Employer and Greenwich Insurance Company is the carrier for the Statutory Employer.
3. Plaintiff's date of injury was July 18, 2001.
4. RB Construction was notified as to plaintiff's injury on July 18, 2001.
5. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
6. Industrial Commission forms relating to this case were stipulated into evidence as Stipulated Exhibit 2.
7. Plaintiff's Second Set of Interrogatories to the defendant RB Construction Company and Builders Mutual Insurance Company were stipulated into evidence as Stipulated Exhibit 3.
8. The issues before the Full Commission are:
 (i) Whether Builders Mutual Insurance Company was the carrier on risk for Bond Hedgepeth d/b/a RB Construction on July 18, 2001;
 (ii) Whether plaintiff was an employee of Bond Hedgepeth d/b/a RB Construction on July 18, 2001;
 (iii) If Builders Mutual Insurance Company was not the carrier on risk for Bond Hedgepeth d/b/a RB Construction on July 18, 2001 was Atlantic Seaboard, plaintiff's statutory employer within the meaning of N.C.G.S. § 97-19 on July 18, 2001;
 (iv) Whether Bond Hedgepeth d/b/a RB Construction regularly employed three (3) or more employees on or about July 18, 2001;
(v) What compensation, if any is due plaintiff;
 (vi) Whether plaintiff is entitled to recover attorney's fee from defendant Builders Mutual Insurance Company pursuant to N.C.G.S. § 97-88.1?
9. The depositions of Dennis B. Nicks, M.D. and Kathy Ormsby, MS, OTR/L, CHT are a part of the evidentiary record in this case.
 ***********
Based upon the competent evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On February 16, 2001, Atlantic Seaboard Corporation through its employee Bond Hedgepeth entered into an agreement with William and Faye Mason for home improvements for their residence. This agreement included refinishing the existing kitchen hardwood floors and installing new drip edge around the perimeter of the roof.
2. On May 3, 2001, Atlantic Seaboard Corporation entered into a contract for additional home improvements at the Mason home for demolishing the existing kitchen floor, installing new joists, plywood and insulation and installing new pre-finished flooring in the kitchen.
3. In May 2001, plaintiff entered into an agreement with the Atlantic Seaboard Corporation through its employee Bond Hedgepeth to perform carpentry and painting work at the Mason residence for $1,000.00. This amount was to be paid at the completion and inspection of work and there were to be no advances. Plaintiff was to furnish all labor, equipment, workers' compensation and pay all taxes. This agreement did not include installing the shoe molding on the kitchen floor or the drip edge around the perimeter of the roof.
4. On June 1, 2001, plaintiff completed the specified work on the Mason residence pursuant to the subcontract with Atlantic Seaboard Corporation. Atlantic Seaboard Corporation issued a check to plaintiff in the amount of $1,000.00 as agreed.
5. After plaintiff had completed the work pursuant to the subcontract, Bond Hedgepeth d/b/a RB Construction was no longer employed by Atlantic Seaboard Corporation. Mr. Hedgepeth indicated to plaintiff and Kerry Parrish that if plaintiff and Kerry Parrish became employees of Bond Hedgepeth, Hedgepeth would provide job assignments, equipment, workers' compensation insurance and would pay taxes for plaintiff.
6. Plaintiff and Kerry Parrish became employees of Bond Hedgepeth d/b/a RB Construction. Bond Hedgepeth paid plaintiff and Kerry Parrish in cash instead of by check. As part of the agreement, Bond Hedgepeth provided lodging to plaintiff and Kerry Parrish.
7. Plaintiff was no longer an independent carpenter and/or painter upon being employed by Bond Hedgepeth.
8. On June 19, 2001, Bond Hedgepeth d/b/a RB Construction began subcontract work for Atlantic Seaboard Corporation at the Mason residence and on other jobs.
9. On June 28, 2001, a certificate of insurance was issued by James Moore Insurance Agency binding Builders Mutual Insurance Company for workers' compensation coverage for Bond Hedgepeth d/b/a RB Construction. James Moore Agency had the authority to bind Builders Mutual Insurance Company for such coverage. The coverage for Bond Hedgepeth d/b/a RB Construction was for the period of June 28, 2001 through June 28, 2002.
10. A written policy was issued by Builders Mutual Insurance Company to Bond Hedgepeth d/b/a RB Construction for the period of June 28, 2001 through June 28, 2002. This policy indicated that if the policy were to be canceled that Builders Mutual Insurance Company must mail deliver written notice that cancellation was to take effect on an exact date not less than ten days in advance of the date such cancellation was to take effect.
11. The check to Builders Mutual Insurance Company from Bond Hedgepeth d/b/a RB Construction which accompanied the payment for the insurance policy was insufficient.
12. When the check was returned, Builders Mutual Insurance Company did notify James Moore Insurance Agency that payment would be required before August 12, 2001 to avoid cancellation. James Moore Insurance Agency did not immediately notify Bond Hedgepeth about the returned check and possible cancellation. Bond Hedgepeth did not receive notice that payment was required prior to August 12, 2001.
13. On July 18, 2001, Bond Hedgepeth d/b/a RB Construction directed plaintiff and Kerry Parrish to go to the Mason residence to install shoe molding on the new pre-finished floor in the kitchen and to install drip edge.
14. On July 18, 2001, plaintiff was an employee of Bond Hedgepeth d/b/a RB Construction receiving $630.00 per week plus lodging worth $50.00 for a total of $680.00 per week.
15. Bond Hedgepeth d/b/a RB Construction instructed plaintiff where and how to work, had the authority to discharge plaintiff, provided the equipment to plaintiff for the work and regularly employed three (3) or more employees.
16. On July 18, 2001, plaintiff was using a compound miter saw belonging to Bond Hedgepeth d/b/a RB Construction to cut a piece of shoe molding to install on the new pre-finished floor at the Mason residence. While using the saw, plaintiff amputated his right hand and the saw fell over cutting plaintiff's right leg.
17. Plaintiff was transferred by ambulance to New Hanover Regional Hospital and underwent surgery rendered by Dennis B. Nicks, M.D.
18. Kerry Parrish contacted Bond Hedgepeth d/b/a RB Construction to notify him of plaintiff's accident. Bond Hedgepeth went to New Hanover Medical Center.
19. Plaintiff was discharged from New Hanover Medical Center on July 20, 2001. At that time, Bond Hedgepeth indicated to plaintiff that he was getting ready to start paying taxes for plaintiff.
20. On July 19, 2001, Bond Hedgepeth concluded the work at the Mason job pursuant to his contract with Atlantic Seaboard Corporation and was paid for the job.
21. On July 23, 2001, Bond Hedgepeth d/b/a RB Construction reported plaintiff's injury to Builders Mutual Insurance Company. Builders Mutual Insurance Company completed a Form 19 indicating plaintiff was an employee of RB Construction that was covered by Builders Mutual Insurance Company.
22. At the deputy commissioner hearing of this matter, Builders Mutual Insurance Company's underwriter indicated it was company policy if there were insufficient funds for a policy in question then the policy would be canceled immediately. This cancellation policy is inconsistent with the ten-day notice clause of the policy.
23. Bond Hedgepeth d/b/a RB Construction did not receive notice of cancellation within ten days when the policy was canceled on June 28, 2001.
24. By the greater weight of the competent evidence, the Full Commission finds that Mr. Hedgepeth's testimony that plaintiff was completing work at the Mason residence on July 19, 2001 at the time of his injury by accident pursuant to a prior contract entered into between plaintiff and Atlantic Seaboard Corporation is not credible. Plaintiff was an employee of Bond Hedgepeth d/b/a RB Construction at the time of his injury by accident.
25. Bond Hedgepeth d/b/a RB Construction was covered by Builders Mutual Insurance Company at the time of plaintiff's injury by accident. Bond Hedgepeth d/b/a RB Construction had not received notice that his policy was to be canceled and evidence as well as documentation relating to the policy indicates that it was very unlikely that the employer would have been able to provide sufficient payment in a timely manner based on inconsistencies in Builders Mutual's policy.
26. Bond Hedgepeth did drive to Raleigh to attempt to make payment when he was notified by the insurance agent that the policy could be canceled. Mr. Hedgepeth was informed by Builder's Mutual that his policy and payment was canceled.
27. Plaintiff remains under the care of Dennis B. Nicks, M.D., and needs future medical treatment.
28. Plaintiff has performed some supervisor work for Bond Hedgepeth d/b/a RB Construction since July 18, 2001. Plaintiff has received compensation in the amount of $700.00.
29. Defendants have not defended this action without merit.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Bond Hedgepeth d/b/a RB Construction employed three (3) or more employees at the time of plaintiff's injury by accident. N.C.G.S. §97-2(1).
2. Bond Hedgepeth had made reasonable efforts to obtain workers' compensation insurance through James Moore Insurance Company and had received a binder for a workers' compensation policy. Bond Hedgepeth did not receive notice or the opportunity to provide sufficient payment for his policy before the policy was terminated. N.C.G.S. § 97-99.
3. Plaintiff was an employee of Bond Hedgepeth d/b/a RB Construction at the time he sustained an injury by accident to his right hand and leg. N.C.G.S. § 97-2(2).
4. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on July 18, 2001 to his right hand and leg. N.C.G.S. § 97-2(6).
5. Builders Mutual Insurance Company is the carrier on risk for Bond Hedgepeth d/b/a RB Construction on July 18, 2001. N.C.G.S. §§97-2(7); 97-99; and 97-93.
6. Plaintiff is entitled to receive medical treatment for his compensable injury by accident. N.C.G.S. §§ 97-25 and 97-25.1.
7. Plaintiff is entitled to receive total disability compensation from Builders Mutual Insurance Company at a rate of $453.36 per week beginning July 19, 2001 and continuing until further order from this Commission. N.C.G.S. § 97-29.
8. Builder's Mutual Insurance is entitled to a credit for $700.00 for wages plaintiff earned since his compensable injury by accident. N.C.G.S. § 97-42.
9. Defendants have not engaged in stubborn, unfounded litigiousness in this matter; therefore, plaintiff is not entitled to an assessment of attorney's fees. N.C.G.S. § 97-88.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Builders Mutual Insurance Company shall pay plaintiff total disability compensation at a rate of $453.36 per week beginning July 19, 2001 and continuing until further order from this Commission. Compensation that has accrued to date shall be paid in a lump sum to plaintiff subject to an attorney's fee in Paragraph 3.
2. Builders Mutual Insurance Company shall pay all medical expenses related to plaintiff's compensable injury by accident on July 18, 2001. Plaintiff is entitled to resume his treatment with Dr. Nicks.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) of benefits awarded to plaintiff is hereby approved for plaintiff's counsel. Defendants shall pay the amount that has accrued directly to plaintiff's counsel in a lump sum and thereafter plaintiff's counsel shall receive every fourth check.
4. Builders Mutual Insurance Company shall pay the costs due the Commission.
This the ___ day of March 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER